**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC<br><br>**ORDER** |

The parties have filed an updated report on cases with service of process and plaintiff profile form issues, cases for which no federal jurisdiction exists, and duplicate cases. Doc. 21552. The Court will address each category of cases.

**A.  Cases with Service of Process Issues.**

Case Management Order No. 4 requires each Plaintiff who files a short form complaint to send a request for waiver of service to Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. Doc. 363 at 4. Rule 4 provides that "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The parties identify two cases that purportedly have not been served on Defendants: *Margie Cornelius v. C. R. Bard, Inc.*, No. 2:19-cv-02716, and *Leona Nigh v. C. R. Bard, Inc.*, No. 2:19-cv-04059. Doc. 21552 at 3. In an order dated March 4, 2020, the Court gave Plaintiffs in these cases until March 18 to send the short form complaint and a request

for waiver of service to Defendants' counsel. Doc. 21461 at 1 (citing Fed. R. Civ. P. 4(d)(1), (m); *United States v. 2,164 Watches, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) (district courts have broad discretion under Rule 4(m) to extend time for service). The Court warned Plaintiffs that their cases may be dismissed if they failed to service process by the March 18 deadline. *Id.* at 2. Because Plaintiff Cornelius has failed to serve process or provide good cause for the failure to do so (*see* Doc. 21499 at 2), her case is **dismissed** (No. 2:19-cv-02716).

Plaintiff Nigh has served process on Defendants. *See* Doc. 21498 (executed waiver of service of summons); Docs. 21499 at 4, 21499-1 at 4 (status report indicating that Plaintiff has served process). But in an order dated April 29, 2020, the Court granted counsel's motion to withdraw because Plaintiff has failed to communicate with counsel. Doc. 21517; *see* Doc. 21514. The Court gave Plaintiff until May 20, 2020 to show cause why her case should not be dismissed for failure to prosecute. Doc. 21517 at 1-2 (citing Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). Because Plaintiff has failed to respond to the order to show cause or otherwise prosecute her claims, her case is **dismissed** (No. 2:19-cv-04059).

**B.    Cases with Plaintiff Profile Form Issues.**

Case Management Order No. 5 requires each Plaintiff who files a short form complaint to provide a plaintiff profile form ("PPF") to Defendants within 60 days of filing the complaint. Doc. 365 at 1. If no PPF was received within the 60-day period, Defendants were to send an overdue letter to Plaintiff's counsel giving Plaintiff an additional 20 days to provide a PPF. *Id.* at 2. Defendants could seek dismissal of the case if Plaintiff failed to provide a PPF during this grace period. *Id.*

The Court previously dismissed cases in which no complete PPF had been provided to Defendants. Docs. 19874 at 3, 20667 at 5-6. The parties now identify three cases in which Plaintiffs still have provided no PPF: *Elizabeth Mello v. C. R. Bard, Inc.*, No. 2:19-cv-00104, *Daniel Person v. C. R. Bard, Inc.*, No. 2:19-cv-03189, and *Ricky Schrader v. C. R. Bard, Inc.*, 2:19-cv-02132. Doc. 21552 at 3. In its March 4, 2020 order, the Court

- 2 -

gave Plaintiffs in these cases until March 18 to provide complete PPFs to Defendants. Doc. 21461 at 3-4.  The Court warned Plaintiffs that their cases may be dismissed if no PPF was provided by the March 18 deadline.  *Id.* at 3.  Because Plaintiffs have failed to provide a PPF to Defendants, their cases are **dismissed** (Nos. 2:19-cv-00104, 2:19-cv-03189, and 2:19-cv-02132).

### C. Cases without Federal Jurisdiction.

Federal subject matter jurisdiction may be based on either federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Courts "analyze federal question jurisdiction with reference to the well-pleaded complaint rule." *Yokeno v. Mafnas*, 973 F.2d 803, 807 (9th Cir. 1992).  Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint." *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003).  The complaint must establish either that "federal law creates the cause of action or that . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1102 (9th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

The master complaint in this MDL asserts seventeen state law claims.  Doc. 364 ¶¶ 166-349.  Because the complaint asserts no federal claim and Plaintiffs' right to relief on the state law claims does not depend on resolution of a federal law question, the Court lacks subject matter jurisdiction under the federal question statute.  *See* 28 U.S.C. § 1331; *Yokeno*, 973 F.2d at 809.

Subject matter jurisdiction must therefore be based on diversity of citizenship.  *See Yokeno*, 973 F.2d at 809.  District courts have diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000.  28 U.S.C. § 1332(a). Section 1332 requires complete diversity between the parties – that is, the citizenship of the plaintiff must be diverse from the citizenship of each defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

For purposes of diversity jurisdiction, Defendant C. R. Bard, Inc. is a citizen of New Jersey and Defendant Bard Peripheral Vascular, Inc. is a citizen of Arizona. *See* Doc. 364 ¶¶ 11-12; *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (noting that "a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business") (citing 28 U.S.C. § 1332(c)). Complete diversity does not exist, therefore, where the Plaintiff is a resident of either Arizona or New Jersey. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) ("Although diversity jurisdiction provides an independent basis for federal jurisdiction over state law claims, complete diversity is lacking in this case because both [plaintiff] and [defendant] are citizens of California.").

The parties identify one case in which diversity jurisdiction does not exist – *LaToya D. Pierce v. C. R. Bard, Inc.*, No. 2:17-01728. Doc. 21552 at 3. Plaintiff Pierce is a resident of New Jersey and has sued C. R. Bard Inc., a citizen of New Jersey. *See* No. 2:17-01728, Doc. 1 at 2 (short-form complaint).[1] Because complete diversity does not exist, the Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff's case therefore is **dismissed** (No. 2:17-01728). *See* Fed. R. Civ. P. 12(h)(3) (a district court may dismiss a case for lack of subject matter jurisdiction at any time during the pendency of the action); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (noting that Rule 12(h)(3) permits a district court to "raise the question of subject matter jurisdiction[] sua sponte"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1230-31 (9th Cir. 2006) (an MDL "transferee judge exercises all the powers of a district judge in the transferee district under the Federal Rules of Civil Procedure").

**D.     Duplicate Cases.**

The Court previously dismissed duplicative cases filed in this MDL. *See* Docs. 16343 at 4-5, 18540 at 2, 19874 at 1, 21461 at 7-9; *see also M.M. v. Lafayette Sch.*

---

[1] The parties erroneously assert that Plaintiff is a resident of Arizona. Doc. 21552 at 3.

*Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."). The parties identify eight additional Plaintiffs who have filed multiple cases in this MDL. Doc. 21552 at 2-3. The following duplicate cases are **dismissed**:[2]

| Case Caption | Case Number |
|---|---|
| Robert Brown v. C. R. Bard, Inc. | 2:19-cv-01002 |
| Judith Clouser v. C. R. Bard, Inc. | 2:19-cv-01199 |
| Robert W. Dostie v. C. R. Bard, Inc. | 2:17-cv-01406 |
| David Hildebrandt v. C. R. Bard, Inc. | 2:19-cv-03690 |
| Sonya Legg v. C. R. Bard, Inc. | 2:19-cv-01507 |
| Bernardette McBride v. C. R. Bard, Inc. | 2:19-cv-02819 |
| Glenda L. Smith v. C. R. Bard, Inc. | 2:19-cv-03474 |
| Michael VanHolt v. C. R. Bard, Inc. | 2:19-cv-03925 |

**IT IS SO ORDERED.**

Dated this 8th day of September, 2020.

*David G. Campbell*

David G. Campbell
Senior United States District Judge

---

[2] The parties state these Plaintiffs have already settled their claims and dismissed their other cases. Doc. 21552 at 2.